RECEIPT # 52276
AMOUNT $ 150
SUMMONS ISSUED Y 2
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 12-8-07

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2003 DEC -8  P 12: 2 1

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND, | |
| Plaintiffs | C.A. No. |
| vs. | |
| LITTLETON ENVIRONMENTAL SERVICES, INC., Defendant | |
| and | |
| J.T. CALLAHAN & SONS, INC., Reach-and-Apply Defendant | |
| and | |
| FLEET BANK, Trustee | |

03  12461  NG

MAGISTRATE JUDGE _____

## COMPLAINT

### NATURE OF ACTION

1.    This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145, by employee benefit plans to enforce the obligations to make contributions to such plans due under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2.    The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.    Plaintiff Paul J. McNally is a Trustee of the Massachusetts Laborers' Health and Welfare Fund. The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

4.    Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Pension Fund. The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

5.    Plaintiff Martin F. Walsh is a Trustee of the Massachusetts Laborers' Annuity Fund. The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

6.    Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Legal Services Fund. The Massachusetts Laborers' Legal Services is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

7.    Plaintiff Paul J. McNally is a Trustee of the New England Laborers' Training Trust Fund. The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

8.    The Health and Welfare, Pension, Annuity, Legal Services and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

9.    Defendant Littleton Environmental Services, Inc. (hereinafter "Littleton" or "the Employer") is a Massachusetts corporation with a principal place of business at 41 Robinson Road, Littleton, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12).

10.    Fleet Bank is a banking institution holding assets of the defendant.

11.    Reach-and-Apply Defendant J.T. Callahan & Sons, Inc. ("Callahan") is a Massachusetts corporation with a principal place of business at 80 First Street, Bridgewater, Massachusetts. Upon information and belief, Callahan is indebted to Littleton Environmental Services, Inc.; thus, certain sums are due or will hereafter become due Littleton from said Reach-and-Apply Defendant. The Funds have a legal or equitable interest in these sums which cannot be reached to be attached or taken on execution until such time as they come into the possession of Littleton.

## GENERAL ALLEGATIONS OF FACT

12.    On or about April 16, 2002, defendant Littleton agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds; and to

3

any successor agreements. A copy of Littleton's signed agreement ("short form agreement") is attached hereto as Exhibit A.

13.     Because of the short form agreement, Littleton is party to the collective bargaining agreement that is effective from June, 2000 through May, 2004. A copy of the relevant portions of this Agreement is attached hereto as Exhibit B.

14.     The Agreement requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees and specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked. Employers are also required to file monthly Remittance Reports, on which employers calculate the payments they owe.

## COUNT I - VIOLATION OF ERISA -
## DELINQUENT CONTRIBUTIONS

15.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-14 supra.

16.     On or about August 18, 2003, an auditor employed by Plaintiff Funds conducted an audit of Littleton's books and records for the period December, 2002 through June, 2003.

17.     The Funds' auditor determined that Littleton owed the Funds $126,017.92 in unpaid contributions for the period covered by the audit, together with $2,863.25 in underpayments and interest on late paid contributions.

18.     By letters dated August 19, 2003, Littleton was notified of this delinquency by the Fund office.

19.     Since that date, Littleton has reduced its audit balance to $91,571.20. However, it has accrued an additional delinquency for the period July, 2003 to the present.

4

20.    To date, Littleton has failed to pay the Funds the $91,571.20 in contributions still due for the period December, 2002 through June, 2003, and may be liable for additional obligations incurred thereafter.

21.    The failure of Littleton to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreement violates §515 of ERISA, 29 U.S.C. §1145.

22.    Absent an order from this Court, the defendant will continue to refuse to pay the monies it owes to the Funds, as determined at the audit and refuse to submit Remittance Reports and pay contributions now due and owing, and the Funds and their participants will be irreparably damaged.

23.    A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a.    Order the attachment by trustee process of the bank accounts of Littleton held by Fleet;

b.    Order the attachment of the machinery, inventory and accounts receivable of defendant Littleton;

c.    Order defendant Littleton to make available to Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records, weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations for the

period July 1, 2003 until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions;

      d.     Enter a preliminary and permanent injunction enjoining Littleton from refusing or failing to make contributions to Plaintiff Funds and from refusing or failing to permit Plaintiff Funds to audit the payroll records as prayed for in the preceding paragraph;

      e.     Enter a temporary restraining order against Reach-and-Apply Defendant J. T. Callahan & Sons, Inc, and its agents, servants, employees, attorneys, and upon those persons in active participation or concert with them and those persons acting at their command who receive actual notices of this order by personal service or otherwise, and each and every one of them, from secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning or in any way or manner disposing of or reducing the value of, or making any payment to Littleton Environmental Services, Inc. on account of the sums that are due or will hereafter become due Littleton from the Reach-and-Apply Defendant;

      f.     After notice and a hearing, enter an Order containing prayer "e" or entering prayer "e" as a preliminary injunction;

      g.     Enter judgment in favor of the Plaintiff Funds in the amount of $91,571.20 plus any additional amounts determined by the Court to be owed by Littleton or which may become due during the pendency of this action, together with interest on the unpaid contributions at the rate prescribed under §6621 of the Internal Revenue Code, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2); and

6

h.     Such further and other relief as this Court deem appropriate.

Respectfully submitted,

PAUL J. MCNALLY, as he is TRUSTEE,
MASSACHUSETTS LABORERS'
HEALTH AND WELFARE FUND, et al,

By their attorneys,

Anne R. Sills, Esquire
BBO #546576
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  December 4, 2003

ARS/ars&ts
6306 03-213/complt.doc

# MASSACHUSETTS LABORERS' DISTRICT COUNCIL

## ACCEPTANCE OF AGREEMENT(S)
## AND DECLARATIONS OF TRUST

The Undersigned Employer hereby voluntarily recognizes the Massachusetts Laborers' District Council as the exclusive representative of its employees under Section 9(a) of the National Labor Relations Act and incorporates by reference herein its Voluntary Recognition Agreement and also hereby approves the following Section 9(a) Agreement(s):


(1)   by and between the Associated General Contractors Association of Massachusetts, Inc. and the Building Trades Employers' Association of Boston and Eastern Massachusetts, Inc.;


(2)   by and between the Labor Relations Division of the Construction Industries of Massachusetts, Inc.;


(3)   by and between the General Contractors' Association of Pittsfield, Massachusetts, Inc.;

(4)   by and between the Master Plasterers' Association of Boston and Vicinity;


(5)   by and between the Construction Industries Association of Western Massachusetts, Inc.;

(6)   by and between the Foundation and Marine Contractors' Association of New England, Inc.;

(7)   by and between the Eastern Massachusetts Building Wreckers' Associations, Inc.;

and the Massachusetts Laborers' District Council on behalf of its affiliates of the Laborers' International Union of North America, AFL-CIO, all said Agreements being effective from June 1, 2000 through May 31, 2004 and any successor agreements between the parties and herewith accepts the same and becomes one of the parties thereto and agrees to abide by all its terms and conditions. [Circle above numbered Agreement(s) pertaining to your Company and Initial].

1. The life of this Agreement is to be co-extensive with the terms set out or as they shall be set out from time to time in the aforementioned Collective Bargaining Agreement(s) with the above-named Associations and shall continue in effect unless the Employer gives the Union notice of desired change or termination of a particular Collective Bargaining Agreement in keeping with the applicable notice provisions contained therein.

2. This Agreement binds the Employer to all obligations of an Employer as set forth in the above referred to Agreements and applies to all Laborers' work and geographical jurisdictions as set forth therein unless specifically limited, in writing, on this document.

Form #1

3.    The said Agreements provide, among other conditions, contributions to the Massachusetts Statewide Laborers' Health and Welfare Fund, New England Laborers' Health & Safety Fund, Massachusetts Statewide Laborers' Pension Fund, New England Laborers' Training Trust Fund, New England Laborers' Labor-Management Cooperation Trust Fund, Massachusetts Statewide Legal Services Fund and Massachusetts Laborers' Statewide Annuity Fund, Massachusetts Dues Deduction and Laborers' Political League Fund and the Massachusetts Laborers' Unified Trust Fund, as applicable, and the Employer agrees to be bound by the foregoing Agreements and Declarations of Trust and hereby irrevocably designates as its representatives on the Boards of Trustees such Trustees as are named in said Agreements as Employer Trustees together with their successors selected in the manner provided within said Agreements and agree to be bound by all actions taken by said Employer Trustees pursuant to the said Agreements and Declarations of Trust and agrees that it may be sued by any of said Funds, or the Trustees thereof, or the Union, for non-payment of contributions or non-performance of its obligations thereunder.

4.    The said Agreements further require contributions to the Construction Industries of Massachusetts Advancement Fund, the Western Massachusetts Industry Advancement Fund and the Massachusetts Construction Advancement Program, as applicable, for their Association Industry Programs and payment to the Massachusetts Laborers' District Council of Union Dues deducted from net pay in accordance with the voluntary written authorization of employees. The Employer agrees that it may be used by said Associations or by the District Council, as appropriate, for non-compliance with or non-performance of said obligations.

5.    Inasmuch as the Union has submitted proof and the Employer is satisfied that the Union represents a majority of its employees in the bargaining unit described herein, the Employer recognizes the Union as the exclusive Collective Bargaining Agent for all employees within that bargaining unit, on all present and future jobsites within the jurisdiction of the Union, unless and until such time as the Union loses its status as the employees' exclusive representative as a result of an NLRB election requested by the employees. The Employer agrees that it will not request an NLRB election and expressly waives any right it may have to do so.

6.    This instrument shall be binding upon the Employer named herein, and its' successors and assigns, and no provisions contained or incorporated herein shall be nullified or affected in any manner as a result of any consolidations, sale, transfer, assignment, joint venture or any combination or other disposition of the undersigned Employer.

7.    Attached hereto shall be the Contractor Questionnaire fully executed by the undersigned Employer and approved by the Massachusetts Laborers' District Council or an official agent thereof.

Form #1

_April 16, 2002_
_____
Date

Union Witness to Employer's Signature:

_Dave Leger_ (signature)
Name & Title

Dave Leger

Regional Organizing
_____

District Council Official
7 Laborers' Way
Hopkinton, MA 01748

508-435-4164
617-969-4018
Fax: 508-435-7982

_(signature)_
Sc. Treas.

Employer:

Littleton Environmental Services
_____
Company Name (please print)

Joseph A. Cataldo Jr., President
_____
Name & Title of Authorized Representative
(Please print or type)

_(signature)_
Signature of Authorized Representative

Place of Business Address:

41 Robinson Road
_____

Littleton, MA   01460
_____

_____

Mailing Address, if different

PO Box 397

Littleton, MA   01460

_____

Telephone No.  978-486-4340

Fax No.  978-486-1093

Please forward one (1) executed copy to the Massachusetts Laborers' District Council

BUILDING AND SITE CONSTRUCTION AGREEMENT

between

MASSACHUSETTS LABORERS' DISTRICT COUNCIL

of the

LABORERS' INTERNATIONAL UNION OF NORTH AMERICA
AFL-CIO

and

THE LABOR RELATIONS DIVISION OF THE
ASSOCIATED GENERAL CONTRACTORS OF MASSACHUSETTS, INC.

and

BUILDING TRADES EMPLOYERS' ASSOCIATION OF
BOSTON AND EASTERN MASSACHUSETTS, INC.



EFFECTIVE:
JUNE 1, 2000 - MAY 31, 2004

*Section 2.*    Employees shall furnish their Employer with current telephone number or other contact at the start of each job, and advise the Employer of any subsequent change or changes in such contact during the course of the job.

*Section 3.*    Any employee who reports for work, and for whom work is provided, regardless of the time he works, shall receive the equivalent of not less than four (4) hours pay at the regular straight time hourly rate provided he is available for work throughout such period.

*Section 4.*    Any employee who reports for work and who works four (4) or more hours in any one (1) day shall receive the equivalent of not less than eight (8) hours pay at the regular straight time hourly rate provided that he is available for work until the end of that regular work day.

*Section 5.*    It is expressly provided, however, that if the employee leaves the job site without permission of the Employer, or when a person refuses to work or continue to work, or when work stoppages brought about by a third party or parties prevent or make ill-advised, in the opinion of the Employer, the performance or continuance of work, or when weather makes work impractical, payment for time not actually worked shall not be required.

*Section 6.*    Where notification of the men is required under this Agreement to the effect that work shall not be performed on a particular day, notification of such fact to the steward shall be sufficient notification to the men, provided the steward is permitted enough time during working hours to notify the men.

## ARTICLE VIII
## CHECK OFF AND PAYROLL DEDUCTION

*Section 1.*    The Employer agrees to deduct the sum of seventy cents ($.70) per hour for each hour worked from the weekly wages, after taxes, of each employee, provided, such employee has executed voluntary written authorization for such deductions to be allocated as follows:

   a)  Sixty-eight cents ($.68) shall be used as hourly membership dues to support the Local Unions and the Massachusetts Laborers' District Council.

15

b) Two cents ($.02) of the amount provided in Section 1 shall be used as a voluntary contribution payable to the Laborers' Political League (LPL) to enable the Massachusetts Laborers' District Council and its affiliated Local Unions to participate more fully in matters affecting the welfare of its members.

**Section 2.**    A sample authorization for such deductions is as follows:

### *Deduction Authorization*

To all Employers by whom I am employed during the terms of the present or future collective bargaining agreements either by and between signatory contractor associations and the Massachusetts Laborers' District Council of the Laborers' International Union of North America, AFL-CIO and its affiliates, or by an Employer, not a member of said associations, which has an individual collective bargaining agreement with the Council and its affiliates.

### *Dues Deduction*

I hereby authorize my Employer to deduct from my wages each week, sixty-eight cents ($.68) per hour for each hour worked to constitute what are known as the hourly deductions as part of my membership dues for said week owing by me to the Union.

### *Laborers' Political League Fund*

I further authorize the Employer to deduct the sum of two cents ($.02) per hour for each hour worked as a voluntary contribution to the Laborers' Political League (LPL), which I understand constitutes a separate aggregate fund used for the purposes allowed under the Federal Election Campaign Act, 2 U.S.C., Sec. 441b.

This authorization and assignment shall become effective on or after June 1, 2000 and shall continue in full force and effect for a period not to exceed one (1) year or the life of the existing agreement between the said Union or the Council acting on its behalf and yourself, whichever occurs sooner, and for any subsequent similar period thereafter unless revoked by me within fifteen (15) days immediately preceding such contract term or one (1) year, whichever occurs sooner. Notwithstanding the foregoing, the two cents ($.02) per hour deduction authorization for contribution to the LPL is subject to revocation at any time.

The above revocation must be in writing, bear the date and my signature,

to work each day of the seven (7) (or more) day schedule.

(b)   If Salamander heating units referred to above are to operate for more than two (2) full days but less than seven (7) full days, then four (4) six-hour (6 hour) shifts shall be established and employees so assigned shall be paid eight (8) hours pay for the six (6) hours worked on the shift.

## ARTICLE XI
## MASSACHUSETTS LABORERS' HEALTH and WELFARE FUND

*Section 1.*   Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Health & Welfare Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

*Section 2.   Contributions to Fund*   Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each employee, covered by the terms of this Agreement, to the Massachusetts Laborers' Health and Welfare Fund.  Said sum will be paid into said Fund not later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll of the preceding calendar month.  The said Fund will be administered by a Board of Trustees selected and appointed under the provisions of the Trust Agreement executed by the Union and the Employers.   Said Trust Agreement shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States, the Commonwealth of Massachusetts and the State of New Hampshire.   The said Fund will be used to purchase accident and sickness disability insurance and hospitalization, medical and surgical benefits and/or other welfare benefits of a similar nature for the said employees as provided in the said Trust Agreement.

The Union reserves the right to remove the employees whose wages, hours and working conditions as set forth in this Agreement from any job for which the Employer has failed to remit to the aforementioned Health and Welfare Fund monies due to the Fund within the time for payment thereof, as determined by the Board of Trustees acting under the authority of the Agreement and Declaration of Trust under which the Fund operates.

21

The failure to contribute by the Employer to the said Health and Welfare Fund, as provided herein, for the purpose of the remedy the Union may pursue, is covered in Article XX herein. The Massachusetts Laborers' Health and Welfare Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

**Section 3.**  *New Federal Health Insurance Law*   In the event that a new federal health insurance law becomes effective during the term of this Agreement, the parties agree to meet and reopen the contract to make any changes necessitated by the law and to negotiate other provisions as may be appropriate. In the event the parties are unable to agree upon the changes required by law or other appropriate changes, the matter may proceed to final and binding arbitration pursuant to Article XXVI at the request of either party; provided that the Arbitrator shall not be permitted to increase the cost to the Employer.

## ARTICLE XII
## NEW ENGLAND LABORERS' HEALTH and SAFETY FUND

**Section 1.**  Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Health & Safety Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

**Section 2.**  Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each employee covered by the terms of this Agreement to the New England Laborers' Health and Safety Fund.

**Section 3.**  Said sum shall be paid into the Fund no later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll period of the preceding calendar month. The Fund will be administered by a Board of Trustees selected under and subject to the provisions of a Trust Agreement and Plan entered into by the Union and the Employers.

**Section 4.**  The Plan and Trust shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States and states where this Agreement applies. The Trust and Plan

22

at all times shall be a "qualified" Trust and Plan as defined by Sec. 401 of the Internal Revenue Code. The Plan and Trust shall be created and administered, subject to modification, change of methods or administration and practices as may be required to the end that at all times contributions by the Employers to the Fund shall be deductible as an ordinary expense of doing business in the computation of Federal Income Tax of the Employers

*Section 5.* The failure to contribute by the Employer to the said Health and Safety Fund, as provided herein, for the purpose of remedy the Union may pursue, as covered in Article XX herein. The New England Laborers' Health and Safety Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

## ARTICLE XIII
## MASSACHUSETTS LABORERS' PENSION FUND

Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Pension Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each employee, covered by the terms of this Agreement to the Massachusetts Laborers' Pension Fund. Said sum will be paid into said Fund not later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll period of the preceding calendar month. The Fund will be administered by a Board of Trustees selected under, and subject to the provisions of a Trust Agreement and Plan entered into by the Union and the Employers. The Plan and the Trust shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States, the Commonwealth of Massachusetts and the State of New Hampshire.

The Trust and Plan at all times shall be a "qualified" Trust and Plan, as defined by Section 401 of the Internal Revenue Code. The Plan and the Trust shall be created and administered, subject to modification, change of methods of administration and practices as may be required, to the end that at all times contributions by the Employers to the Fund shall be deductible as an ordinary

expense of doing business in the computation of Federal Income Tax of the Employers.

The failure to contribute by the Employer to the said Pension Fund, as provided herein, for the purpose of the remedy the Union may pursue is covered in Article XX herein. The Massachusetts Laborers' Pension Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

## ARTICLE XIV
## NEW ENGLAND LABORERS' TRAINING TRUST FUND

Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Training Trust Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each employee covered by the terms of this Agreement, to a Training Fund known as New England Laborers' Training Trust Fund. Said sum will be paid into said Fund not later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll period of the preceding calendar month. The Fund will be administered by a Board of Trustees selected under, and subject to the provisions of a Trust Agreement and Plan entered into by the Union and the Employers. The Plan and Trust shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States and the Commonwealth of Massachusetts and the State of New Hampshire. The Trust and Plan at all times shall be a "qualified" Trust and Plan as defined by Section 401 of the Internal Revenue Code. The Plan and Trust shall be created and administered, subject to modification, change of methods or administration and practices as may be required to the end that at all times contributions by the Employers to the Fund shall be deductible as an ordinary expense of doing business in the computation of Federal Income Tax of the Employers.

The failure to contribute by the Employer to the said Training Fund as provided herein, for the purpose of the remedy the Union may pursue, is covered in Article XX, herein. The New England Laborers' Training Trust Fund shall

24

meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

## ARTICLE XV
## MASSACHUSETTS LABORERS' LEGAL SERVICES FUND

*Section 1.*   Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Legal Services Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

*Section 2.*   Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each employee, covered by this Agreement to the Massachusetts Laborers' Legal Services Fund.   Said contributions will be paid into such Fund not later than the twentieth (20th) day of each and every month for the hours worked by said employees up to the end of the last completed payroll period of the preceding calendar month.   The failure to contribute to this Fund by the Employer as provided herein shall be subject to the provisions of Article XX hereof.   The Massachusetts Laborers' Legal Services Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

## ARTICLE XVI
## MASSACHUSETTS LABORERS' ANNUITY FUND

*Section 1.*   Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Annuity Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Trust Agreement.

*Section 2.*   Each Employer agrees to pay for each hour worked by each employee, covered by this Agreement, to the Massachusetts Laborers' Annuity Fund, the negotiated contribution in each respective zone and any future allocated increase during the term of this agreement (reflected in Appendix A of this Agreement).   Said sums will be paid into said Fund not later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll of the preceding calendar month.   Payment shall be made in one check and on the same form furnished by the Massachusetts Laborers' Benefit Funds.   The said Fund will be administered by a Board of

Trustees selected and appointed under the provisions of the Trust Agreement executed by the Union and the Employers. Said Trust Agreement shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States, the Commonwealth of Massachusetts and the State of New Hampshire.

*Section 3.*    Members of the Association and Employers subscribing to the Trust Agreement, when working outside the jurisdictional area of this Agreement in areas where they have no contractual obligation to contribute to an annuity fund, shall contribute the same amount in the same manner as set forth above to the "Massachusetts Laborers' Annuity Fund" for each Laborer when said Laborer is sent and put to work by the Employer from the territorial jurisdiction set forth in Article I.

*Section 4.*    Failure to contribute to the Fund shall be a violation of this Agreement. The Union and the Employer mutually recognize the requirement that contributions to this Fund be made on a current basis by all Employers who have made one or more contributions to the Fund or have entered into an agreement with the Union requiring such contributions.

*Section 5.*    If an audit by the Trustees or their representatives determines that an Employer has not correctly reported the hours worked by his Laborers, the Employer, in addition to other remedies provided in the Trust Agreement, shall be liable to the Fund for the cost of auditing his payroll records and for interest at the rate of ten percent (10%) per annum from the date when payment was due to the date when payment was made.

*Section 6.*    The Fund shall be used to provide benefits as determined by the Trustees in accordance with the terms of the Trust. The failure to contribute By the Employer to the said Annuity Fund, as provided herein, for the purpose of the remedy the Union may pursue, is covered in Article XX herein. The Massachusetts Laborers' Annuity Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

# ARTICLE XVII
## NEW ENGLAND LABORERS' LABOR-MANAGEMENT COOPERATION TRUST

*Section 1.* Each Employer subscribes to and agrees to be bound by the New England Laborers' Labor-Management Cooperation Trust Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

*Section 2.* Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by an employee covered by this Agreement to the New England Laborers' Labor-Management Cooperation Trust Fund.

*Section 3.* Said sum will be paid into said Fund not later than the twentieth (20th) day of each month for hours worked by said employees up to the end of the last complete payroll period of the preceding calendar month. The Fund will be administered by a Board of Trustees selected under, and subject to the provisions of a Trust Agreement and Plan entered into by the Union and the Employer and others.

*Section 4.* The Plan and Trust conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States and the Commonwealth of Massachusetts. The Trust and the Plan at all times shall be a "qualified" Trust and Plan, as defined by Section 401 of the Internal Revenue Code. The Plan and Trust shall be created and administered, subject to modification, change of methods of administration and practices as may be required to, the end that at all times contributions by the Employers to the Fund shall be deductible as an ordinary and necessary expense of doing business in the computation of Federal Income Tax of the Employers.

*Section 5.* The failure to contribute by the Employer to the said New England Laborers' Labor-Management Cooperation Trust Fund, as provided herein, for the purpose of the remedy the union may pursue, is covered in Article XX herein.

# ARTICLE XVIII
## MASSACHUSETTS CONSTRUCTION ADVANCEMENT PROGRAM

**Section 1.** Each Employer subscribes to and agrees to be bound by the Massachusetts Construction Advancement Program Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

**Section 2.** This Trust, known as the Massachusetts Construction Advancement Program, shall be referred to in this Article as "the Fund". The Fund shall be administered solely and exclusively by Trustees appointed pursuant to the provisions of the Trust instrument.

**Section 3.** Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each of its employees, covered by this Agreement, to the Massachusetts Construction Advancement Program.

**Section 4.** The Fund will be used by its Trustees for the following express purposes: A. Manpower Recruitment and Training; B. Education; C. Safety and Accident Prevention; D. Public Relations; E. Equal Employment; F. Intra-Industry Relations; G. Market Development; H. Market Research; and I. Information Services within the construction industry for the mutual benefit of Employers and their employees.

**Section 5.** The Fund shall not be used for any of the following expressly prohibited purposes: A. Lobbying in support of anti-Union legislation; B. Supporting litigation before a court or any administrative body against the Union or any of its agents; and C. Subsidizing contractors during a period or periods of work stoppages or strikes.

**Section 6.** As a part of the administration of the Fund, there shall be an annual audit of the Fund by an independent certified public accountant. A copy of the audit shall be made available to all parties signatory hereto.

**Section 7.** In the event that the Union has reasonable cause to believe that the Fund is being used for any of the purposes prohibited by Section 5, the dispute shall be subject to the arbitration provisions of this Agreement.

28

## ARTICLE XIX
## MASSACHUSETTS LABORERS' UNIFIED TRUST

*Section 1.*   Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Unified Trust Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

*Section 2:*   Each Employer agrees to pay the sum reflected in Appendix A in this Agreement, per hour worked by each employee covered by the terms of this Agreement to a fund known as the "Massachusetts Laborers' Unified Trust".

*Section 3:*   Said sums will be paid into said Fund not later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll period of the preceding calendar month. The Fund will be administered by a board of Trustees selected under, and subject to the provisions of a Trust Agreement and plan entered into by the Union and the Employers. The plan and trust shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States and the Commonwealth of Massachusetts. The trust and plan at all times shall be an exempt trust and plan, as defined by Section 401 of the Internal Revenue Code. The plan and trust shall be created and administered, subject to modification, change of methods of administration and practices as may be required, to the end that at all times contributions by the Employers to the Fund shall be deductible as an ordinary expense of doing business in the computation of federal income tax of the Employers.

*Section 4:*   There shall be a total of four (4) Trustees to constitute the Board of Trustees to administer the Fund. Said Trustees to be appointed as follows: two (2) Trustees shall be appointed by the Massachusetts Laborers' District Council and two (2) Trustees shall be appointed by the Association. The representatives on the Board of Trustees shall at all times be equally divided among Union and Management. Each of the appointing parties shall have the power to remove, replace and appoint successors as Trustees appointed by them.

*Section 5:*   The failure to contribute by the Employer to the said Unified Trust, as provided herein, for the purpose of the remedy the Union may pursue, is covered in Article XX herein. The Massachusetts Laborers' Unified Trust shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

## ARTICLE XX
## DELINQUENT PAYMENTS

*Section 1.* Employers who are delinquent in their payments to the Massachusetts Health & Welfare, Pension, Legal Services, Annuity, Unified Trust, New England Laborers' Labor-Management Cooperation Trust, Training Trust and Health & Safety Funds shall not have the privilege of employing Laborers under the terms of this Agreement if such payments have not been made after written notice, sent by registered mail, return receipt requested, of such delinquency is given by the Union and seventy-two (72) hours have elapsed since such notice. All employees affected by such delinquency to any of the above-mentioned Funds, and who have lost work as a result thereof, shall be paid their normal wages by the delinquent Employer, until said delinquency is cured and the employees resume their work.

Once an Employer has been adjudged a delinquent by any of the above-mentioned Fund Trustees, he shall, in addition to remitting to the Funds for his past delinquencies, be required to make his current payments on a weekly basis and further furnish a ten thousand dollar ($10,000) surety bond to the Trustees of each respect Fund as listed above. All attorney's fees, sheriff's costs, accounting and court costs involved to collect delinquent payments from the delinquent Employer, or to obtain an audit from an Employer who has refused to permit one, must be borne fully by the Employer involved.

*Section 2.* In accordance with Section 5.02(g)(2) of ERISA, as amended, the Trustees do establish the rate of interest to be paid by Employers on delinquent contributions to be the rate prescribed under Section 6621 of the Internal Revenue Code of 1954 (currently ten percent [10%] per annum); and further, liquidated damages shall be assessed in an amount of twenty percent (20%) of the amount of the delinquency, or such higher percentage as may be permitted under Federal or State Law, plus reasonable attorney's fees and costs of the action.

## ARTICLE XXI
## SEVERAL LIABILITY

*Section 1.* The obligation of each Employer member of the Associations shall be several and not joint. This Agreement shall be binding upon each Employer signatory hereto and its successors and assigns, and no provisions contained or incorporated herein shall be nullified or affected in any manner as a

30

result of any consolidations, sale, transfer, assignment, or any combination or other disposition of the Employer.

**Section 2.** The Massachusetts Laborers' District Council, a party to this Agreement, shall not be held responsible for any unauthorized act committed by any affiliated Local Union or members thereof, unless the said Massachusetts Laborers' District Council has ordered or ratified the same or condoned such act after notice thereof from either of the Associations. The Massachusetts Laborers' District Council agrees that upon the receipt of notice from either Association, parties to this Agreement, of any unauthorized act by a Local Union, it will exercise all of its authority to correct the same and furnish evidence thereof to the Association.

**Section 3.** The obligation of each Local Union, affiliated with the Massachusetts Laborers' District Council, shall be several and not joint.

**Section 4.** The Labor Relations Division of the Associated General Contractors of Massachusetts, Inc. and the Building Trades Employers' Association of Boston and Eastern Massachusetts, Inc. shall not be responsible for any unauthorized act committed by one of its members unless either of the Associations has ordered, ratified or condoned such act after notification thereof from the Council. The Associations agree that upon the receipt of such notice from the Council of any unauthorized act of a member contractor, it will exercise all of its authority to correct the same and furnish evidence thereof to the Council.

## ARTICLE XXII
## CONSTRUCTION MANAGER

Whenever any signatory contractor performs work as a construction manager, owner/builder, or solicits bids from subcontractors, considers proposals submitted by subcontractors, or coordinates work performed by subcontractors, it shall be deemed to be a general contractor subject to the terms and conditions of this Agreement, provided, however, that this provision shall not apply to any affiliated development company of a signatory contractor.

31

## ARTICLE XXXI
## TERMINATION OF AGREEMENT

This Agreement will expire on May 31, 2004, except that if neither party to this Agreement gives notice in writing to the other party on or before March 31, 2004 that it desires a change after May 31, 2004, then this Agreement will continue in effect until May 31, 2005 and so on each year thereafter unless on or before March 31st of each year thereafter, a notice is given by either party.

*LABOR RELATIONS DIVISON OF THE ASSOCIATED GENERAL CONTRACTORS OF MASSACHUSETTS*

_____    _____10/26/00_____
Chairman, Board of Trustees         Date:

*MASSACHUSETTS LABORERS' DISTRICT COUNCIL of the Laborers' International Union of North America on behalf of its affiliates*

_____    _____James V. Merloni_____
Business Manager, Paul J. McNally   President, James V. Merloni

_____10/26/00_____                  _____10/26/00_____
Date:                               Date:

*The Building Trades Employers' Assoc. of Boston & E. Mass., Inc.*

_____    _____10/26/00_____
Thomas Gunning, Executive Director  Date:

Witnessed:

_____
Armand E. Sabitoni, Vice-President & Regional Manager
& Assistant to the General President

Date: _____10/26/2000_____

## APPENDIX A
## WAGE RATES AND CLASSIFICATIONS

*Section 1.* Zone 1 and Zone 2 - Wage Rates and Benefit Allocations

*ZONE 1*    Suffolk County, the City of Cambridge, and those projects that are outside the geographic limit of Suffolk county but for which the work is primarily part of projects located in Suffolk County that are covered by project agreements.

*SUFFOLK COUNTY (Boston, Chelsea, Revere, Winthrop, Deer & Nut Islands)*

*MIDDLESEX COUNTY (Arlington, Belmont, Burlington, Cambridge, Everett, Malden, Medford, Melrose, Reading, Somerville, Stoneham, Wakefield, Winchester, Winthrop and Woburn only)*

*NORFOLK COUNTY (Brookline, Dedham and Milton only)*

*ZONE 2*    The remaining geographical area covered by the Eastern Massachusetts Laborers Agreement

*BARNSTABLE, BRISTOL, DUKES, ESSEX, NANTUCKET, PLYMOUTH and WORCESTER COUNTIES*

*MIDDLESEX COUNTY (With the exception of Arlington, Belmont, Burlington, Cambridge, Everett, Malden, Melrose, Reading, Somerville, Stoneham, Wakefield, Winchester, Winthrop and Woburn)*

*NORFOLK COUNTY (With the exception of Brookline, Dedham and Milton only)*

*FRANKLIN COUNTY (Warwick, and Orange only)*

The town of Salem in Rockingham County, New Hampshire.

ZONE 1    *SUFFOLK COUNTY* (Boston, Chelsea, Revere, Winthrop, Deer & Nut Islands

*MIDDLESEX COUNTY* (Arlington, Belmont, Burlington, Cambridge, Everett, Malden, Medford, Melrose, Reading, Somerville, Stoneham, Wakefield, Winchester, Winthrop and Woburn only)

*NORFOLK COUNTY* (Brookline, Dedham and Milton only)

|  | 6/1/00 | 12/1/00 | 6/1/01 | 12/1/01 | 6/1/02 | 12/1/02 | 6/1/03 | 12/1/03 |
|---|---|---|---|---|---|---|---|---|
| *INCREASE | 0.50 | 0.55 | 0.55 | 0.55 | 0.60 | 0.65 | 0.85 | 0.85 |
| Wages | 21.50 | 22.05 | 22.60 | 23.15 | 23.75 | 24.40 | 25.25 | 26.10 |
| H & W | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 |
| Pension | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 |
| Annuity | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 |
| Nell-MCT | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 |
| Unified Trust | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 |
| Training | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 |
| Legal | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 |
| H & Safety | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 |
| MCAP/CIM | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 |
| Total | 30.75 | 31.30 | 31.85 | 32.40 | 33.00 | 33.65 | 34.50 | 35.35 |
| *Dues & LPL | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) |

*Dues and LPL are deducted from wages*

55

ZONE 2    *BARNSTABLE, BRISTOL, DUKES, ESSEX, NANTUCKET, PLYMOUTH and WORCESTER COUNTIES*

*MIDDLESEX COUNTY* (With the exception of Arlington, Belmont, Burlington, Cambridge, Everett, Malden, Melrose, Reading, Somerville, Stoneham, Wakefield, Winchester, Winthrop and Woburn)

*NORFOLK COUNTY* (With the exception of Brookline, Dedham and Milton only)

*FRANKLIN COUNTY* (Warwick, and Orange only)

The Town of Salem in Rockingham County, New Hampshire

|               | 6/1/00 | 12/1/00 | 6/1/01 | 12/1/01 | 6/1/02 | 12/1/02 | 6/1/03 | 12/1/03 |
|---------------|--------|---------|--------|---------|--------|---------|--------|---------|
| *INCREASE     | 0.45   | 0.45    | 0.45   | 0.45    | 0.55   | 0.55    | 0.65   | 0.65    |
| Wages         | 19.90  | 20.35   | 20.80  | 21.25   | 21.80  | 22.35   | 23.00  | 23.65   |
| H & W         | 2.50   | 2.50    | 2.50   | 2.50    | 2.50   | 2.50    | 2.50   | 2.50    |
| Pension       | 2.35   | 2.35    | 2.35   | 2.35    | 2.35   | 2.35    | 2.35   | 2.35    |
| Annuity       | 2.25   | 2.25    | 2.25   | 2.25    | 2.25   | 2.25    | 2.25   | 2.25    |
| Nell-MCT      | 0.15   | 0.15    | 0.15   | 0.15    | 0.15   | 0.15    | 0.15   | 0.15    |
| Unified Trust | 0.50   | 0.50    | 0.50   | 0.50    | 0.50   | 0.50    | 0.50   | 0.50    |
| Training      | 0.30   | 0.30    | 0.30   | 0.30    | 0.30   | 0.30    | 0.30   | 0.30    |
| Legal         | 0.10   | 0.10    | 0.10   | 0.10    | 0.10   | 0.10    | 0.10   | 0.10    |
| H & Safety    | 0.15   | 0.15    | 0.15   | 0.15    | 0.15   | 0.15    | 0.15   | 0.15    |
| MCAP/CIM      | 0.05   | 0.05    | 0.05   | 0.05    | 0.05   | 0.05    | 0.05   | 0.05    |
| Total         | 28.25  | 28.70   | 29.15  | 29.60   | 30.15  | 30.70   | 31.35  | 32.00   |
| *Dues & LPL   | (-.70) | (-.70)  | (-.70) | (-.70)  | (-.70) | (-.70)  | (-.70) | (-.70)  |

*Dues and LPL are deducted from wages*

*THE COUNCIL RESERVES THE RIGHT TO ALLOCATE THESE INCREASES IN ITS DISCRETION AMONG WAGES, FRINGE BENEFITS AND DUES DEDUCTION.

*Section 2.*   Watchmen Wage Rates and Benefit Allocation

|  | 6/1/00 | 12/1/00 | 6/1/01 | 12/1/01 | 6/1/02 | 12/1/02 | 6/1/03 | 12/1/03 |
|---|---|---|---|---|---|---|---|---|
| INCREASE | 0.50 | 0.55 | 0.55 | 0.55 | 0.60 | 0.65 | 0.85 | 0.85 |
| Wages | 15.55 | | | | | | | |
| H & W | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 |
| Pension | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 |
| Annuity | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 |
| Nell-MCT | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 |
| Unified Trust | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 |
| Training | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 |
| Legal | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 |
| H & S | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 |
| MCAP | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 |
| *Dues & LPL | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) |

*Dues and LPL are deducted from wages*

Case 1:03-cv-12461-NG   Document 1   Filed 12/08/2003   Page 30 of 30

## MASS LABORERS CONTRIBUTION RATES — ZONE 1 / ZONE 2

| YEAR | | WAGES | H&W | PENSION | ANNUITY | NMCT/UT | UT | TRAINING | LEGAL | H&S | MCAP/CM | DUES | FRINGES | TOT PKG |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1996/ | JUN 01 | $18.95 | $3.00 | $2.15 | $1.50 | $0.15 | | $0.25 | $0.10 | $0.05 | $0.05 | $0.55 | $7.80 | $26.75 |
| | Dec-01 | $19.10 | $3.00 | $2.35 | $1.50 | $0.15 | | $0.25 | $0.10 | $0.05 | $0.05 | $0.55 | $8.00 | $27.10 |
| 1996/ | JUN 01 | $19.45 | $3.00 | $2.35 | $1.50 | $0.15 | | $0.25 | $0.10 | $0.05 | $0.05 | $0.60 | $8.05 | $27.50 |
| | Dec-01 | $19.80 | $3.00 | $2.35 | $1.50 | $0.15 | | $0.25 | $0.10 | $0.05 | $0.05 | $0.60 | $8.05 | $27.85 |
| 1997/ | JUN 01 | $19.80 | $2.50 | $2.35 | $2.00 | $0.65 | | $0.25 | $0.10 | $0.05 | $0.05 | $0.60 | $8.55 | $28.35 |
| | Sep-01 | $19.90 | $2.50 | $2.35 | $2.00 | $0.65 | | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $8.70 | $28.60 |
| | Dec-01 | $20.25 | $2.50 | $2.35 | $2.00 | $0.65 | | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $8.70 | $28.95 |
| 1998 | Z1/JUN1 | $20.75 | $2.50 | $2.35 | $2.00 | $0.15 | $0.50 | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $8.70 | $29.45 |
| | Z1/DEC1 | $20.25 | $2.50 | $2.35 | $2.75 | $0.15 | $0.50 | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $9.45 | $29.70 |
| | Z2/DEC1 | $18.05 | $2.50 | $2.35 | $2.00 | $0.15 | $0.50 | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $8.70 | $27.75 |
| 1999 | Z1/JUN1 | $20.75 | $2.50 | $2.35 | $2.75 | $0.15 | $0.50 | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $8.45 | $30.20 |
| | Z1/DEC1 | $21.50 | $2.50 | $2.35 | $2.75 | $0.15 | $0.50 | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $9.45 | $30.95 |
| | Z2/JUN1 | $19.05 | $2.50 | $2.35 | $2.25 | $0.15 | $0.50 | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $8.95 | $28.00 |
| | Z2/DEC1 | $18.55 | $2.50 | $2.35 | $2.25 | $0.15 | $0.50 | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $8.95 | $28.50 |
| 2000 | Z1/JUN1 | $21.50 | $2.50 | $2.35 | $3.15 | $0.15 | $0.50 | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $9.95 | $31.45 |
| | Z1/DEC1 | $21.50 | $2.50 | $2.35 | $3.70 | $0.15 | $0.50 | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $10.50 | $32.00 |
| | Z2/JUN1 | $19.80 | $2.50 | $2.35 | $2.25 | $0.15 | $0.50 | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $9.05 | $28.95 |
| | Z2/DEC1 | $20.10 | $2.50 | $2.35 | $2.50 | $0.15 | $0.50 | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $9.30 | $28.40 |
| 2001 | Z1/JUN1 | $21.75 | $2.80 | $2.35 | $3.70 | $0.15 | $0.50 | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $10.60 | $32.65 |
| | Z1/DEC1 | $22.30 | $2.80 | $2.35 | $3.70 | $0.15 | $0.50 | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $10.80 | $33.10 |
| | Z2/JUN1 | $20.25 | $2.80 | $2.35 | $2.50 | $0.15 | $0.50 | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $9.60 | $29.85 |
| | Z2/DEC1 | $20.70 | $2.80 | $2.35 | $2.50 | $0.15 | $0.50 | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $9.60 | $30.30 |
| 2002 | Z1/JUN1 | $22.50 | $3.15 | $2.35 | $3.70 | $0.15 | $0.50 | $0.35 | $0.10 | $0.15 | $0.05 | $0.70 | $11.20 | $33.70 |
| | Z1/DEC1 | | | | | | | | | | | | $0.00 | $0.00 |
| | Z2/JUN1 | $20.65 | $3.15 | $2.35 | $2.50 | $0.15 | $0.50 | $0.35 | $0.10 | $0.15 | $0.05 | $0.70 | $10.00 | $30.85 |
| | Z2/DEC1 | | | | | | | | | | | | $0.00 | $0.00 |