FILED
CLERKS OFFICE
2004 JAN -9 A 11: 22
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND,<br>　　　　　　Plaintiffs<br><br>vs.<br><br>LITTLETON ENVIRONMENTAL SERVICES, INC.,<br>　　　　　　Defendant<br><br>and<br><br>J.T. CALLAHAN & SONS, INC.,<br>　　　　　　Reach-and-Apply Defendant<br><br>and<br><br>FLEET BANK,<br>　　　　　　Trustee | C.A. No. 03-12461 NG |

### AFFIDAVIT OF DONALD CHRISTY
### IN SUPPORT OF EX PARTE MOTION FOR TRUSTEE PROCESS

1. My name is Donald Christy. I am an auditor for the Massachusetts Laborers' Benefit Funds ("the Funds").

2. On or about August 18, 2003, one of the Funds' auditors audited the books and records of defendant Littleton Environmental Services, Inc. ("Littleton"). He determined that Littleton owed the Funds $126,017.92 in unpaid contributions for the period December, 2002

through July, 2003, together with $2,863.25 in underpayments and interest on late paid contributions.

3. A letter was sent to Littleton on August 19, 2003, notifying Littleton of its liability. A copy of that letter is attached hereto as Exhibit A.

4. Thereafter, Littleton reduced its December, 2002 through July, 2003 audit balance to $91,571.20. However, it has accrued an additional delinquency for the period August, 2003 to November, 2003. According to an audit I conducted on December 5, 2003, Littleton accrued an additional delinquency of $145,364.94 during the period August through November, 2003.

5. To date, Littleton has failed to pay $91,571.20 in unpaid contributions still owed for the period December, 2002 through July, 2003, the accrued additional delinquency of $145,364.94 for the period July, 2003 to November, 2003 and may be liable for additional obligations incurred thereafter.

6. I am aware that Littleton agreed to a payment plan, which, if followed, would have resulted in full payment of all delinquent payments and for subsequent payments to be paid "on time in full, no exceptions." Littleton did not follow this payment plan. A copy of that payment plan is attached hereto as Exhibit B.

7. Article XX of the collective bargaining agreement ("agreement") to which Littleton is a signatory, provides for interest to be paid by employers, on delinquent contributions. A copy of that agreement is attached to the Complaint as Exhibit B. It also provides for liquidated damages in an amount of 20% of the amount of the delinquency. Based on the terms of the agreement, Littleton owes $4,711.66 in interest and underpayment on the unpaid contributions it has already paid late. It will also owe $8,649.94 in interest on the unpaid

contributions if they are paid by December 31, 2003, and $47,387.23 in liquidated damages.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 31 DAY OF December, 2003.

_____
Donald Christy

ARS/ars&ts
6306 03-213/affchristy.doc

3