UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Paul J. McNally, Trustee of Massachusetts Laborer's Health and Welfare Fund and New England Laborers' Training Trust Fund, James Merloni, Ir., Trustee of Massachusetts Laborers' Pension Fund and Massachusetts Legal Services Fund, Martin F. Walsh, Trustee of Massachusetts Laborer's Annuity Fund,<br>      Plaintiffs,<br><br>v.<br><br>Littleton Environmental Services, Inc.,<br>      Defendant,<br><br>And<br><br>J.T. Callahan & Sons, Inc.,<br>      Reach-And-Apply Defendant,<br><br>and<br><br>Fleet Bank,<br>      Trustee. | CIVIL ACTION NO. 03-12461-NG |

## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND OF REACH-AND-APPLY DEFENDANT JOHN T. CALLAHAN & SONS, INC.

Reach-and-Apply Defendant John T. Callahan & Sons, Inc. ("JTC") answers the Complaint of Plaintiffs Paul J. McNally, Trustee of Massachusetts Laborer's Health and Welfare Fund and New England Laborers' Training Trust Fund, James Merloni, Ir., Trustee of Massachusetts Laborers' Pension Fund and Massachusetts Legal Services Fund, Martin F. Walsh, Trustee of Massachusetts Laborer's Annuity Fund (collectively, "Plaintiffs"), as follows:

## NATURE OF ACTION

1.  JTC neither admits nor denies the allegations contained in paragraph 1 of the Complaint as they constitute legal conclusions to which no response is required.

## JURISDICTION

2.  JTC neither admits nor denies the allegations contained in paragraph 2 of the Complaint as they constitute legal conclusions to which no response is required.

## PARTIES

3.  JTC states that it is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 3 of the Complaint and, therefore, calls upon the Plaintiffs to prove same.

4.  JTC states that it is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 4 of the Complaint and, therefore, calls upon the Plaintiffs to prove same.

5.  JTC states that it is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 5 of the Complaint and, therefore, calls upon the Plaintiffs to prove same.

6.  JTC states that it is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 6 of the Complaint and, therefore, calls upon the Plaintiffs to prove same.

7.  JTC states that it is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 7 of the Complaint and, therefore, calls upon the Plaintiffs to prove same.

8. JTC neither admits nor denies the allegations contained in paragraph 8 of the Complaint as they constitute legal conclusions and definitional statements to which no response is required.

9. JTC states that it is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 9 of the Complaint and, therefore, calls upon the Plaintiffs to prove same.

10. JTC states that it is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 10 of the Complaint and, therefore, calls upon the Plaintiffs to prove same.

11. JTC admits that it is a Massachusetts corporation with a principal place of business at 80 First Street, Bridgewater, MA. JTC denies that it is indebted to Littleton Environmental Services, Inc. and that certain sums are due or will hereafter become due Littleton from JTC. JTC neither admits nor denies the remaining allegations contained in paragraph 11 of the Complaint as they constitute legal conclusions to which no response is required. To the extent that any facts are alleged, JTC denies these allegations.

## GENERAL ALLEGATIONS OF FACT

12. JTC states that it is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 12 of the Complaint and, therefore, calls upon the Plaintiffs to prove same.

13. JTC states that it is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 13 of the Complaint and, therefore, calls upon the Plaintiffs to prove same.

14. JTC states that it is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 14 of the Complaint and, therefore, calls upon the Plaintiffs to prove same.

### COUNT I – VIOLATION OF ERISA – DELINQUENT CONTRIBUTIONS

15. JTC incorporates herein by reference paragraphs 1 through 14 of its Answer to the Complaint.

16. JTC states that it is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 16 of the Complaint and, therefore, calls upon the Plaintiffs to prove same.

17. JTC states that it is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 17 of the Complaint and, therefore, calls upon the Plaintiffs to prove same.

18. JTC states that it is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 15 of the Complaint and, therefore, calls upon the Plaintiffs to prove same.

19. JTC states that it is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 19 of the Complaint and, therefore, calls upon the Plaintiffs to prove same.

20. JTC states that it is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 20 of the Complaint and, therefore, calls upon the Plaintiffs to prove same.

21.   JTC states that it is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 21 of the Complaint and, therefore, calls upon the Plaintiffs to prove same.

22.   JTC states that it is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 22 of the Complaint and, therefore, calls upon the Plaintiffs to prove same.

23.   JTC states that it is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 23 of the Complaint and, therefore, calls upon the Plaintiffs to prove same.

### First Affirmative Defense

The Complaint fails to state a claim for which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by a failure of consideration.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, for a failure to comply with conditions precedent.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, due to release.

### Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, due to payment.

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, due to accord and satisfaction.

### Eleventh Affirmative Defense

JTC is not in possession of funds due or which will become due to Littleton Environmental Services, Inc.

WHEREFORE, Reach and Apply Defendant John T. Callahan & Sons, Inc. respectfully requests that the Court:

    a.    Dismiss the complaint against JTC with prejudice; or

    b.    Enter judgment for JTC on all applicable counts; and

    c.    Grant such further relief as it deems just.

## JURY DEMAND

Defendant JTC hereby demands a trial by jury on all claims so triable.

Respectfully submitted,
JOHN T. CALLAHAN & SONS, INC.
By its attorneys,

*/s/ Scott A. Aftuck*

Michael K. Crossen, Esq. (BBO #549267)
Gary C. Crossen, Esq. (BBO #106580)
Scott A. Aftuck, Esq. (BBO #634762)
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA 02110
(617) 330-7000

Dated: April 29, 2004

## CERTIFICATE OF SERVICE

I, Scott A. Aftuck, hereby certify that a true copy of the above document was served upon each attorney of record for each party by first-class mail, postage prepaid upon:

Anne R. Sills, Esq.
Segal, Roitman & Coleman
11 Beacon Street, Suite 500
Boston, MA 02108

*/s/ Scott A. Aftuck*
Scott A. Aftuck