UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN 17 P 4: 19

U.S. DISTRICT COURT
DISTRICT OF MASS.

PAUL J. McNALLY, as he is TRUSTEE,
MASSACHUSETTS LABORERS' HEALTH AND
WELFARE FUND and NEW ENGLAND LABORERS'
TRAINING TRUST FUND; JAMES MERLONI, JR.,
as he is TRUSTEE, MASSACHUSETTS LABORERS'
PENSION FUND and MASSACHUSETTS LEGAL
SERVICES FUND; MARTIN F. WALSH, as he is
TRUSTEE, MASSACHUSETTS LABORERS'
ANNUITY FUND,

    Plaintiffs

     vs.

LITTLETON ENVIRONMENTAL SERVICES, INC.,
    Defendant

     and

J.T. CALLAHAN & SONS, INC.,
    Reach-and-Apply Defendant

     and

FLEET BANK,
    Trustee

C.A. No. 03-12461 NG

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF
## MOTION FOR ENTRY OF DEFAULT JUDGMENT

   This is an action brought to collect contributions due employee benefit funds under the

terms of a collective bargaining agreement. Plaintiffs (hereinafter "the Funds") are employee

benefit plans. Defendant Littleton Environmental Services, Inc. (hereinafter "Littleton") is a

Massachusetts corporation that has defaulted. This action has been brought pursuant to

§502(a)(3) and §515 of the Employment Retirement Income Security Act of 1974, as amended,

29 U.S.C. §1132(a)(3) and §1145 (hereinafter "ERISA").

The Court has exclusive jurisdiction of this action pursuant to §502(a), (3), and (f) of ERISA, 29 U.S.C. §1132(a), (d) and (f), without respect to the amount in controversy or the citizenship of the parties.

The Clerk issued a Notice of Default on May 18, 2004. At this juncture, Plaintiffs are before the Court on a Motion for Entry of Default Judgment. Plaintiffs now seek a judgment holding Defendant liable for $234,454.94, representing contributions owed to the Funds for the period from December, 2002 through December, 2003, together with interest on late-paid contributions and underpayments, liquidated damages, and reasonable attorneys' fees and costs.

## FACTS

Defendant Littleton is bound by the terms of a collective bargaining agreement (the "Agreement"), with the Massachusetts Laborers' District Council (the "Union"). See Exhibit B attached to the Affidavit of Philip Mackay ("Mackay Aff."). The Agreement requires Littleton to make monthly contributions to the Massachusetts Laborers' Benefit Funds based on the number of employee hours worked. (Mackay Aff., par. 4).

According to the Agreement, Littleton must make all payments to the Funds by the 20th day of the month following the incurring of the obligation. Id. The Agreement further provides for interest to be paid by the employer on delinquent contributions, at a rate prescribed under Section 6621 of the Internal Revenue Code of 1954. (Mackay Aff., par. 6). Further, the Agreement provides for liquidated damages equal to the unpaid interest or in an amount of 20 percent of the amount of the delinquency or such other percentage as may be permitted by law. Id. The Agreement also provides that the delinquent employer will pay reasonable attorney's fees and costs of the action. Id.

Defendant Littleton performed work under the terms of the Agreement, but failed to pay all contributions due thereunder. Littleton owes the Funds $184,377.70 in unpaid contributions for work performed through December, 2003. (Mackay Aff., par. 12).

## ARGUMENT

Judgment by default should enter where a plaintiff's claim is for a sum certain, the party against whom judgment is sought has been defaulted for failure to appear, and the party is not an infant or incompetent person. Rule 55(b)(1), Fed.R.Civ.P.

In the instant case, default judgment should enter as a matter of law. First, Plaintiffs' claim is for a sum certain. Plaintiffs have audited Littleton's records and have ascertained that Defendant owes the Funds $184,377.70 in unpaid benefit fund contributions due under the Agreement for the period through December, 2003, together with $4,829.28 in underpayments and interest on late paid contributions. (Mackay Aff., pars. 12, 13).

Liquidated damages are also mandated by ERISA, either as set forth in the collective bargaining agreement, in an amount not in excess of 20 percent of the unpaid contributions (or such higher percentage as may be permitted under federal or state law), or in an amount equal to interest on the unpaid contribution, whichever is greater. 29 U.S.C. §1132 (g)(2)(C)(i) and (ii). In the instant case, the Agreement provides for liquidated damages in the amount of 20 percent of the unpaid contributions. Twenty percent of the $184,377.70 owed by Littleton under the Agreement is $36,875.54. (Mackay Aff., par. 14).

Finally, attorneys' fees and costs are also mandated by ERISA. 29 U.S.C. §1132(g)(2)(D). Attorneys' fees and costs of this action are $8,372.42. See Affidavit of Anne R. Sills. These figures demonstrate that Plaintiffs' claim is for a sum certain.

Finally, Defendant is neither an infant nor incompetent person. Defendant is also not in the military service. See Affidavit of Thomas Masiello.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully submit that this Motion for Default Judgment be granted, and that judgment enter against Defendant Littleton in the amount of $234,454.94, representing unpaid contributions due through December, 2003, interest due on late paid contributions and underpayments, liquidated damages, and attorneys' fees and costs of this action.

Respectfully submitted,

PAUL J. MCNALLY, as he is
TRUSTEE, MASSACHUSETTS
LABORERS' HEALTH AND WELFARE
FUND, et al,

By their attorneys,

Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA 02108
(617) 742-0208

Dated: June 17, 2004

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above Plaintiffs' Memorandum in Support of Motion for Entry of Default Judgment has been served by certified and first class mail upon the defendant, Littleton Environmental Services, Inc. at P.O. Box #397, Littleton, MA 01460 and by first class mail upon the Reach-and-Apply Defendant's attorney, Scott A. Aftuck at Rubin & Rudman LLP, 50 Rowes Wharf, Boston, MA 02110 this 17th day of June, 2004.

Gregory A. Geiman, Esquire

ARS/gag&ts
6306 03-213/memsupdf.doc

4