FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 JUN 17 P 4: 19

U.S. DISTRICT COURT
DISTRICT OF MASS.

PAUL J. McNALLY, as he is TRUSTEE,
MASSACHUSETTS LABORERS' HEALTH AND
WELFARE FUND and NEW ENGLAND LABORERS'
TRAINING TRUST FUND; JAMES MERLONI, JR.,
as he is TRUSTEE, MASSACHUSETTS LABORERS'
PENSION FUND and MASSACHUSETTS LEGAL
SERVICES FUND; MARTIN F. WALSH, as he is
TRUSTEE, MASSACHUSETTS LABORERS'
ANNUITY FUND,
         Plaintiffs

vs.

LITTLETON ENVIRONMENTAL SERVICES, INC.,
         Defendant

and

J.T. CALLAHAN & SONS, INC.,
         Reach-and-Apply Defendant

and

FLEET BANK,
         Trustee

C.A. No. 03-12461 NG

### AFFIDAVIT OF PHILIP MACKAY

1.     My name is Phil Mackay. I am the Collections Agent for the Massachusetts Laborers' Benefit Funds ("the Funds").

2.     On or about April 16, 2002, Littleton Environmental Services, Inc. ("Littleton") signed an agreement whereby it agreed to be bound to the terms of the Restated Agreements and Declarations of Trust establishing the Funds, to the terms of collective bargaining agreements

requiring contributions to the Funds, and to any successor agreements. A true and accurate copy of Littleton's signed agreement (the "Agreement") is attached hereto as Exhibit A.

3. Littleton thus became party to a Collective Bargaining Agreement that was effective from June, 2000 through May, 2004 and any successor agreements. A true and accurate copy of relevant portions of this Collective Bargaining Agreement is attached hereto as Exhibit B.

4. Under the Collective Bargaining Agreement, employers are required to make contributions to the Funds for each hour worked by covered employees by the twentieth day of the month after the month in which work was performed. The Collective Bargaining Agreement also specifies the amount to be contributed by an employer to each of the Funds for each hour worked.

5. Further, employers are required to submit remittance reports, on which employers are to calculate the payments they owe.

6. Article XX of the Collective Bargaining Agreement provides for interest to be paid by the employer on delinquent contributions, at a rate prescribed under Section 6621 of the Internal Revenue Code of 1954. It also provides for liquidated damages equal to the unpaid interest or in an amount of 20% of the amount of the delinquency or such other percentage as may be permitted under federal or state law. Further, it provides that the delinquent employer will pay reasonable attorney's fees and costs of the action.

7. On or about August 18, 2003, an auditor employed by the Funds conducted an audit of Littleton's books and records for the period December, 2002 through June, 2003.

8. The Funds' auditor determined that Littleton owed the Funds $126,017.92 in unpaid contributions for the period covered by the audit, together with $2,863.25 in underpayments and interest on late paid contributions.

9. A letter was sent to Littleton on August 19, 2003, notifying Littleton of its liability. A true and accurate copy of that letter is attached hereto as Exhibit C.

10. A separate audit was undertaken on or about December 5, 2003, at which time it was determined that Littleton had accrued an additional delinquency during the period July, 2003 through December, 2003 of $145,364.94.

11. Littleton had agreed to a payment plan on or about July 30, 2003, which, if followed, would have resulted in full payment of all delinquent payments and for subsequent payments to be paid "on time in full, no exceptions." Littleton failed to follow its payment plan. A true and accurate copy of the payment plan is attached hereto as Exhibit D.

12. While Littleton has reduced its overall audit balance in subsequent months, its delinquency for the months December, 2002 through December, 2003 still stands at $184,377.70. To date, Littleton has failed to pay the balance of these unpaid contributions.

13. Littleton owes $4,829.28 in interest on the contributions that were paid late.

14. Finally, I have calculated the liquidated damages due under the terms of Article XXI of the Collective Bargaining Agreement. That figure would be $36,875.54.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 10th DAY OF JUNE, 2004.

_____
Philip M. Mackay

### CERTIFICATE OF SERVICE

This is to certify that a copy of the above Affidavit has been served by certified and first class mail upon the defendant, Littleton Environmental Services, Inc. at P.O. Box #397, Littleton, MA 01460 and by first class mail upon the Reach-and-Apply Defendant's attorney, Scott A. Aftuck at Rubin & Rudman LLP, 50 Rowes Wharf, Boston, MA 02110 this 17 day of June, 2004.

_____
Gregory A. Geiman, Esquire

ARS/gag&ts
6306 03-213/affmackay.doc